## SHANK vs. EACOPS.

The statute of limitation of 1810 does not apply to causes of action which had then accrued.

Non-assumpsit within four years, is a bad plea to an action of assumpsit unless the suit is brought upon a book account.

ASSUMPSIT.

PLEA—Non-assumpsit, within four years.

Replication.

"And the said Daniel, as to the said plea by the said Jacob [Eacops] by him secondly above pleaded, saith, that he, by any thing in that plea alledged, ought not to be barred of his said action, because he says, that the original contract for the sale of waggons, horses, and geers, and the delivery thereof to the defendant, on which, &c. took place in the commonwealth of Pennsylvania, in the county of Westmoreland, on the fourth of November, in the year of our Lord one thousand eight hundred and eight, where the said Jacob then resided; and that afterwards, before the lapse of four years, the said Jacob removed from said Westmoreland county to parts unknown to the said Daniel, until the time of commencement of this suit; and from thence hitherto, has so continued and remained out of the said commonwealth of Pennsylvania, and still does so continue, to wit, at Jefferson county aforesaid, and this," &c.

To which there was a general demurrer and joinder.

WRIGHT, for the plaintiff.

GOODENOW, for the defendant.

PRESIDENT.—The replication is attempted to be supported by the latter part of the 2d section of the "act for the limitation of actions," passed January 25th, 1810 ; but the 5th section of the same act prevents its application to causes of action already accrued, and provides that such causes of action "shall only be barred by the provisions of the act of January 4th, 1804." The cause of action accrued to the plaintiff here, on the 4th of November 1808, and the statute of limitations began then to run; at that time the law made no exception as to persons leaving the state and afterwards returning, so that it is not necessary to give an opinion whether leaving the state, in the 2d section of the act of 1810, and in the first section of the "act to amend

an act entitled an act for the limitation of actions," of January 24th, 1809, is to be construed leaving *this state,* or the state where the defendant resided at the time of contracting. The replication is insufficient, and if the previous pleadings are good, the defendant must have judgment on the demurrer.

The plea is, that the defendant "did not at any time within four years next before the commencement of this suit, undertake or promise in manner and form," &c. The statute limits the bringing of actions "upon book accounts, or for forcible entry and detainer, or forcible detainer," to "within four years next after the cause of such action or suits." This is not an action upon book account, or for forcible entry and detainer, or forcible detainer, but an action *on the case,* in which the plaintiff may bring his action at any time within six years. The plea is, therefore, clearly bad, and the plaintiff has judgment although the demurrer is sustained; for a bad replication is a sufficient answer to a bad plea.